IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ANDREW DOUGLAS § | | |
|    TDCJ-CID #675454 § | | |
| V. § | | C.A. NO. C-05-597 |
| § | | |
| MR. DIAZ, MCCONNELL UNIT § | | |
|  MAILROOM SUPERVISOR § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. For the reasons stated herein, it is respectfully recommended that plaintiff's action be dismissed for failure to exhaust available administrative remedies or, in the alternative, for failure to state a claim.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND

Plaintiff is incarcerated at the McConnell Unit in Beeville, Texas. On December 23, 2005, plaintiff filed a pleading entitled "Motion for Court Order to Provide Certified Copy of Mailroom Log at Wm. G. McConnell Unit." (D.E. 1). The pleading was construed as a civil rights action. A Spears[1] hearing was

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

conducted on February 9, 2006. The following allegations were made in plaintiff's original complaint or at the hearing.

Plaintiff is indigent and relies on the indigent mail services at the McConnell Unit. He claims that between October and December 2005 he sent over forty-five pieces of legal mail to various courts, judges, the United States Marshals, and other state and federal government entities, yet not one public official has responded to any of his mail.[2] For example, on October 20, 2005, he placed in the indigent mail system a complaint against an individual named Larry L. Fuller, together with an "affidavit of information," a motion to proceed *in forma pauperis*, a discovery request, and a certificate of service. To date, plaintiff has not received any verification that his lawsuit was filed or served upon Mr. Fuller.

Plaintiff sent an I-60 request to Mr. Diaz, the McConnell Unit mailroom supervisor, seeking a copy of the mailroom log for the dates on which he sent indigent legal mail. He explains that he wanted to verify that mailroom personnel had in fact sent out his mail. Because he did not receive a copy of the log as requested, he is now "very concerned that the Wm. G. McConnell Unit Mailroom

---

[2] It is noted that obviously plaintiff's complaint filed in December 2005 through the McConnell Unit prison mail system was received by this Court.

is mishandling" his legal mail. He may be prejudiced in his lawsuits if they are not filed properly. He seeks a "court order" to obtain a copy of the mailroom log.

Plaintiff testified that he did not submit a Step 1 or Step 2 grievance requesting a copy of the mailroom log book because he did not think the grievance process applied in this situation.

## III.   DISCUSSION

### A.   Failure to Exhaust Administrative Remedies

Section 1997e(a) of Title 28 provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

28 U.S.C. § 1997e(a).

The exhaustion requirement applies to *all* inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002) (discussing Porter). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (discussing Booth). If an inmate chooses to file and pursue a

lawsuit prior to exhausting administrative remedies, his suit must be dismissed with prejudice for purposes of proceeding *in forma pauperis.* Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (per curiam).

The Texas Department of Criminal Justice ("TDCJ") currently provides a two-step procedure for presenting administrative grievances. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (citing to TDCJ Admin. Directive No. AD-03.82 (rev.1), Policy, ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Id. Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ. Id. After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for step 2 of the process, which is the director, deputy director, regional director, or assistant director. Id.

The grievance procedure takes approximately ninety days to exhaust. Id. Prisoners are allowed fifteen calender days to file a step 1 grievance. Id. (citing TDCJ Admin. Directive No. AD-3.82 (rev.1), Policy ¶ VI (Jan. 31, 1997)). The

response to the step 1 grievance is due within forty days after receipt of the grievance. Id. The prisoner then has ten days to submit an appeal. Id. The response to the step 2 grievance is due within forty days after receipt of the prisoner's appeal. Id. The TDCJ Inmate Grievance System provides that, if an inmate does not receive a written decision within 180 days after filing the grievance, he may proceed with his other state or federal court remedies. Tex. Gov't Code § 501.008(d)(2).

At the Spears hearing, plaintiff related that he did not file a grievance in an attempt to get a copy of the log book because his request implicated his due process rights. Regardless of what rights are implicated, he is required to exhaust his administrative remedies. Porter, 534 U.S. at 532; Clifford, 298 F.3d at 330. Plaintiff's complaint that he did not receive a copy of the log book upon request is the very type of dispute that should be addressed by prison officials first, and not the federal courts. As noted by the Fifth Circuit in Hollingsworth:

> Nothing in the Prison Litigation Reform Act, however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems. TDCJ has promulgated a detailed, complex and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation. The PLRA required [plaintiff] to exhaust "available" "remedies," whatever they may be. His

>failure to do so prevents him from pursuing a federal lawsuit at this time.

260 F.3d at 358.

The purpose of the exhaustion requirement is to alert prison officials of problems so that they have a chance to address the claims before they reach federal court. See Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." Booth, 532 U.S. at 737. Plaintiff's I-60 request to Mr. Diaz is not a substitute for the grievance process. An inmate must proceed through all available steps in the institutional system. Wright, 260 F.3d at 358. In his action, plaintiff has failed to proceed through the two-step process by filing Step 1 and Step 2 grievances.

Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it "'may be subject to certain defenses such as waiver, estoppel, or equitable tolling.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (quoting Wendell, 162 F.3d at 890). For example, the exhaustion requirement may be excused when it administrative remedies are not "personally available." Id. at 867. Unavailability can occur when physical injury prevents its use, see id., or when prison officials ignore or interfere with the prisoner's pursuit of relief, see

Underwood, 151 F.3d at 295.  Plaintiff does not assert that the grievance process was unavailable to him.  It is respectfully recommended that plaintiff has failed to exhaust his available administrative remedies or otherwise show that he should be exempted from the requirement.

The Fifth Circuit affirmed a district court's dismissal for lack of exhaustion with prejudice to the inmate being able to refile the action and proceed as a pauper. Id. at 296.  Accordingly, it is respectfully recommended that plaintiff's action be dismissed with prejudice to proceeding as a pauper should he decide to re-file his claims after he exhausts the prisoner grievance process.

### B. Failure to State a Claim

Alternately, plaintiff's claims should be dismissed for failure to state a claim.  Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner

can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

In this case, plaintiff claims that Mr. Diaz failed to provide him with a copy of the mailroom log book. However, there is no constitutional right that plaintiff be provide access to administrative bookkeeping records.

At the Spears hearing, plaintiff stated that he was concerned that McConnell Unit mailroom personnel were mishandling his mail, effectively denying his right of access to the courts. Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)). In addition to law libraries or alternative sources of legal knowledge required by the right of access to the courts, "indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Bounds, 430 U.S. at 824-25. However, an indigent prisoner's constitutional right to legal resources and materials is not without limit. The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. See Jones v.

Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351).

To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate that he suffered "actual injury stemming from defendant's unconstitutional conduct." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351-54). To prove an actual injury, a plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.

Plaintiff suggests that mailroom personnel *might* be denying him access to the courts *if* they are mishandling his mail. He claims that, if this is so, he *might* be prejudiced in his ability to pursue lawsuits.

Plaintiff has failed to show that he has suffered any actual injury. He has not provided any factual allegations demonstrating that the failure to receive responses from governmental entities to which he has written has injured him in any pending litigation. His allegations fail to state a claim of denial of access to the courts.

## IV.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's action be dismissed for lack of exhaustion pursuant to 42 U.S.C. § 1997e(a) with prejudice to plaintiff being able to refile the action as a pauper. In the alternative,

it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(2).

Respectfully submitted this 21st day of February 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).